UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | )    **Chapter 7** |
| **CHICAGO CONTROL & SUPPLY INC.,** | )    **Hon. Eugene R. Wedoff** |
| | )    **Case No. 09-43670** |
| | ) |
| Debtor. | ) |

## APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

Much Shelist, P.C. ("Much Shelist"), through Norman B. Newman, one of its attorneys, and the Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Local Bankruptcy Rule 5082-1, for the allowance of final compensation in the amount of $6,672.00 and reimbursement of expenses totaling $125.20 for services rendered during the period February 1, 2010 through February 15, 2012. In support of this application, Much Shelist states as follows:

1. On November 18, 2009, Chicago Control & Supply, Inc. (the "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee was subsequently appointed, qualified and presently serves as Trustee.

2. On February 9, 2010, an Order was entered authorizing the Trustee to employ Much Shelist as the Trustee's attorney in this case, effective January 21, 2010.

3. Much Shelist has no agreement with any other firm or person whatsoever with regard to its compensation in this case.

4. Much Shelist is entitled to receive final compensation in the amount of $6,672.00 plus reimbursement of out-of-pocket expenses in the amount of $125.20 for services rendered during the period February 1, 2010 through February 15, 2012.

5.  Much Shelist provided 13.40 hours of services on behalf of the Trustee during the time period covered by the application. The following is a summary of time expended, by individual, during the time period covered by this application.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 8.10 hrs. | $577.40/hr.* | $4,677.00 |
| Jeffrey L. Gansberg | 5.30 hrs. | $376.42/hr.* | 1,995.00 |
| | | | |
| **TOTAL** | **13.40 hrs.** | | **$6,672.00** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

6.  Attached hereto as Exhibit "A" is a statement of legal services rendered. The services are listed chronologically and are separated by activity. Certain time entries could have been listed under a different activity, but there is no duplication of time entries. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This application complies with the standards enunciated in *In re Continental Securities Litigation*, 572 F. Supp. 931 (N.D. Ill. 1983) modified 692 F.2d 766 (7th Cir. 1992).

7.  At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

8.  During the time period covered by this application, Much Shelist's attorneys have provided services to the Trustee with respect to the following matters:

A.  **General Administration (Tab No. 1):** A total of 1.90 hours of services were expended on General Administrative matters. Counsel reviewed pleadings relating to a motion to lift stay filed by Debtor's landlord who happened to be the Debtor's principal's father, seeking to terminate the lease on the premises located at 4952 W. Fullerton Avenue, Chicago, Illinois.

Time was also spent on telephonic and written communications with special counsel as to the collection status of certain accounts receivable. Upon the advice of special counsel, a motion and order were prepared abandoning any remaining accounts receivable.

The individuals who provided services in connection with this activity and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 1.60 hrs. | $595.00/hr. | $952.00 |
| Jeffrey L. Gansberg | .30 hrs. | $380.00/hr. | 114.00 |
| | | | |
| **TOTAL** | **1.90 hours** | | **$1,066.00** |

B.  **Retention of Professionals (Tab No. 2):** A total of 3.50 hours of time was expended by Much Shelist corresponding with special counsel regarding his employment and on the preparation of pleadings and appearances in Court on the Motion to Employ Attorneys and to Employ Special Counsel to collect accounts receivable.

The individuals who provided services in connection with this activity and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | .50 hrs. | $570.00/hr. | $285.00 |
| Jeffrey L. Gansberg | 3.00 hrs. | $375.00/hr. | 1,125.00 |
| | | | |
| **TOTAL** | **3.50 hrs.** | | **$1,410.00** |

C.  **Disposition of Assets (Tab No. 3):** Much Shelist expended 7.20 hours of time on the Disposition of Assets. The majority of the assets of this estate can be broken down into two categories: 1) personal property and 2) accounts receivable.

**Personal Property**

Debtor listed numerous items of personal property on Schedule B- Personal Property, including, but not limited to a 1996 Ford F 350; four (4) Dell computers, black pipe fitting, sheet

metal fitting and jack and a Clark forklift. There was also office furniture, office equipment and an inventory of parts. The Trustee arranged for a bankruptcy auctioneer to view these personal items for a possible sale. After being advised by the bankruptcy auctioneer that the value of these items would not generate sufficient funds to the estate, the Trustee decided to abandoned his interest in said personal property. In response to the Trustee's motion to abandon the personal property, the landlord communicated an offer to purchase certain items of personal property from the Trustee. Time was spent reviewing the offer, communicating with the landlord's attorney as to the terms of sale and preparing a motion and order, as well as, a Bill of Sale to sell personal property. Attorneys for the Trustee appeared in Court for the hearings on the motion to abandon personal property and the motion to sell personal property. The Trustee received $4,000.00 from the sale.

**Accounts Receivable**

As mentioned above, special counsel was hired to pursue the collection of any outstanding accounts receivable owed to the Debtor. According to Debtor's Schedule B – Personal Property, approximately $80,000.00 of account receivables were owing to the Debtor. Through the efforts of special counsel approximately $1,433.35 of these receivables were collected. Special counsel communicated to counsel that due to economic circumstances of the obligors, no further collections were possible and the Trustee abandoned his interest in the remaining accounts receivable.

The individuals who provided services in connection with this activity and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 5.20 hrs. | $570.00/hr. | $2,964.00 |
| Jeffrey L. Gansberg | 2.00 hrs. | $378.00/hr.* | 756.00 |
| | | | |
| **TOTAL** | **7.20 hrs.** | | **$3,720.00** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

**D.    Fee Application (Tab No. 4):** Norman B. Newman expended .80 hours of time reviewing and revising this final fee application.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | .80 hrs. | $595.00/hr. | $476.00 |
| | | | |
| **TOTAL** | **.80 hrs.** | | **$476.00** |

9.    During the time period covered by this application, Much Shelist incurred out-of-pocket expenses in the amount of $125.20. Attached hereto as Exhibit B is a detailed itemization of expenses. The charge for photocopies is 10¢ per page. Much Shelist submits that these expenses were reasonable and necessary in connection with the services provided to the Trustee.

10.    The services rendered by Much Shelist provided a benefit to the Trustee, to the Debtor and to the creditors of this estate. Much Shelist recognizes that the Trustee is not holding sufficient funds to pay the requested award of compensation and expense reimbursement in full.

**WHEREFORE**, Much Shelist Denenberg Ament & Rubenstein, P.C. respectfully requests that this Court enter an Order as follows:

1.    Awarding Much Shelist final compensation in the amount of $6,672.00 plus reimbursement of out-of-pocket expenses in the amount of $125.20 for the period February 1, 2010 through February 15, 2012;

2. Authorizing the Trustee to pay Much Shelist the awarded compensation and expense reimbursement forthwith as an allowed Chapter 7 expense of administration of this estate; and

3. Granting such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

**Much Shelist, P.C.**

By:  /s/ Norman B. Newman
     One of Its Attorneys


Norman B. Newman (Atty. ID# 02045427)
**Much Shelist, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606

2933267_1.doc